IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **DON FRANK EBERHARDT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 16-cv-3153 |
| ) | |
| **RUDOLPH BRAUD, JR., JUDGE,** ) | |
| And Co-Conspirators: **LESLIE** ) | |
| **GRAVES, JUDGE;** and **APRIL** ) | |
| **TROEMPER, JUDGE,** and others, ) | |
| ) | |
| Defendants. ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on pro se Plaintiff Don Frank Eberhardt's Motion (d/e 4) to proceed in forma pauperis, Motion for Hearing (d/e 2) on the motion to proceed in forma pauperis, and Motion for Hearing and Motion for Joinder (d/e 5) seeking to consolidate this lawsuit with Plaintiff's lawsuit in <u>Eberhardt v. Braud</u>, Case No. 16-cv-3080. The Court finds that no hearing is necessary, and Petitioner's requests for a hearing are DENIED. Because Plaintiff's Complaint fails to state a claim, the Motion seeking to proceed in forma pauperis is DENIED and the motion to

consolidate this case with Case No. 16-cv-3080 is DENIED AS MOOT.

## I. BACKGROUND

On June 10, 2016, Plaintiff filed a three-count Complaint against Defendants Rudolph Braud, Jr., a Sangamon County, Illinois associate judge; and Leslie Graves and April Troemper, both Sangamon County, Illinois circuit judges. Plaintiff alleges that Defendants violated Plaintiff's rights in a state court dissolution of marriage case.[1]

According to Plaintiff, Plaintiff's former wife, Aura Monica Eberhardt, was still legally married to another man when she married Plaintiff. Therefore, according to Plaintiff, no valid marriage took place and Aura was an illegal alien. Nonetheless, Judge Braud entered a dissolution of marriage and forced Plaintiff to sign a real estate sales agreement under threats of immediate imprisonment and "horrendous daily fines." Compl. at 6 (d/e 1). Plaintiff alleges

---

[1] A court may take judicial notice of documents in the public record. Olson v. Champaign Cnty., Ill., 784 F.3d 1093, 1096 n.1 (7th Cir. 2015). A search of the Sangamon County Circuit Clerk's website shows that Plaintiff was involved in a dissolution of marriage case, Case No. 2010-D-859. Judgment of dissolution was entered October 18, 2011 by Judge Braud. An appeal was filed, and the judgment was affirmed. Judge Graves subsequently entered docket entries regarding ex-parte communications received from Petitioner. Judge Troemper ruled on a Rule to Show Cause in February 2014.

that Judge Braud's orders are void because he did not have jurisdiction to hear immigration fraud, citizenship fraud, and social security fraud cases.

Plaintiff further alleges that the court reporter on August 5, 2011, the date Plaintiff testified in state court, was threatened or forced to alter, destroy, or withhold part of Plaintiff's testimony that day.  Plaintiff claims that Judge Braud's legal abuse and abuse of process was continued through the "Sorling Sorority Sinister Sisterhood" and "secret court within the court" consisting of Judge Graves and Judge Troemper, who also denied Plaintiff his civil rights.  Compl. at 6.

Plaintiff alleges that Defendants violated the civil Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, and two criminal statutes: 18 U.S.C. § 1346 (mail fraud, defining "scheme or artifice to defraud" to include a scheme or artifice to deprive another of the intangible right of honest services), and 18 U.S.C. § 1951 (interference with commerce by threats or violence). Plaintiff seeks relief from all orders made in violation of law and monetary compensation of at least $1 million and as much as $6 million.

## II. LEGAL STANDARD

When a plaintiff seeks leave to proceed in forma pauperis, his complaint is subject to review by the district court.  See 28 U.S.C. § 1915(e)(2); Estrada v. Reed, 346 F. App'x 87, 90 (7th Cir. Sept. 1. 2009) (unpublished disposition) (noting that the "district court must screen the complaint of any plaintiff who would like to proceed in forma pauperis").  Moreover, the district court shall dismiss the case if the court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2)(B)(i)-(iii); see also Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999) (noting that the "district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim") (citing 28 U.S.C. §1915(e)(2)(B)).  When screening a complaint to determine whether it states a claim, the court applies the same standard used to evaluate dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Arnett v Webster, 658 F.3d 742, 751 (7th Cir. 2011) (applying the Rule12(b)(6) standard when reviewing a dismissal under §1915(e)(2)(B) for failure to state a claim).

To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendants fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). A court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in the plaintiff's favor. Id. Pro se pleadings are liberally construed. See Ambrose v. Roeckeman, 749 F.3d 615, 618 (7th Cir. 2014) (stating that "[t]he question for us is whether the petition adequately presents the legal and factual basis for the claim, even if the precise legal theory is inartfully articulated or more difficult to discern.").

A complaint must, however, set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges facts from which a court can reasonably infer that the defendants are liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

### III. ANALYSIS

To state a claim for a RICO violation under § 1962(c)[2], Plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Gamboa v. Velez, 457 F.3d 703, 705 (7th Cir. 2008). To allege racketeering activity, Plaintiff must allege that the Defendants violated one or more of the acts listed in § 1961(1). See Daniels v. Bursey, 313 F. Supp. 2d 790, 813 (N.D. Ill. 2004); 18 U.S.C. 1961(1)(A). Section 1961(1)(F) defines racketeering activity to include any act that is indictable under Section 274 of the Immigration and Nationality Act (8 U.S.C. 1324(a)(1)(A)(iii)), which prohibits a person from knowingly or recklessly concealing, harboring, or shielding from detection an illegal alien in the United States. Plaintiff alleges Defendants violated Section 274 of the Immigration and Nationality Act. See Compl. at 1.

A pattern of racketeering activity is defined as at least two acts of racketeering activity (also called "predicate acts"). 18 U.S.C.

---

[2] "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c).

§ 1961(5); <u>Krakow Business Park v. Locke Lord, LLP</u>, 135 F. Supp. 3d 770, 786-87 (N.D. Ill. 2015), appeal filed.  Plaintiff must also allege facts that show that Defendants' pattern of racketeering activity "amount[s] to or pose[s] a threat of continued criminal activity."  <u>Gamboa</u>, 457 F.3d at 705 (quoting <u>Corley v. Rosewood Care Ctr., Inc. of Peoria</u>, 388 F.3d 990, 1002 (7th Cir. 2004)).  Allegations of isolated instances of criminal behavior that do not pose a threat of future harm are not sufficient to allege a pattern of racketeering activity.  <u>Gamboa</u>, 457 F.3d at 705.

In this case, Plaintiff does not allege a pattern of racketeering activity.  As evidence of a second act of racketeering activity, Plaintiff alleges a "hypothetical" witness would "hypothetically" testify, if given absolute immunity, that he became wealthy through the promise of guaranteed verdicts in his favor.  <u>See</u> Compl. at 2 (d/e 1).  However, these allegations are conclusory at best, and insufficient to state a claim.  <u>Iqbal</u>, 556 U.S. at 678 ("mere conclusory statements" are insufficient to state a claim").  Moreover, the facts do not support a pattern of racketeering activity involving concealing, harboring, or shielding from detection an illegal alien in the United States.  <u>See</u> <u>Corley</u>, 388 F.3d at 1002 (noting that the

...

term "pattern" requires that the predicates be related and that they amount to and pose a threat of continued criminal activity) (quotations and citations omitted).  Finally, Plaintiff does not allege facts that plausibly show any threat of future harm from ongoing racketeering activity.  Therefore, Count 1 fails to state a claim.

Counts 2 and 3 must also be dismissed.  Plaintiff attempts to bring a private right of action under 18 U.S.C. § 1346 and 18 U.S.C. § 1951, but those criminal statutes do not contain an express or implied private right of action.  See Stanard v. Nygren, 658 F.3d 792, 794 (7th Cir. 2011) (noting there is no private right of action under the Hobbs Act); Bajorat v. Columbia-Breckenridge Dev. Corp., 944 F. Supp. 1371, 1377-78 (N.D. Ill. 1996) (citing cases and finding that the Hobbs Act, 18 U.S.C. § 1951, does not carry an implied private right of action); Hayes v. Shelby Cnty. Tr., 971 F.Supp.2d 717, 726 (W.D. Tenn. 2013) (adopting report and recommendation finding that 18 U.S.C. § 1346 did not create a private right of action).

### IV. CONCLUSION

For the reasons stated, Plaintiff's Complaint fails to state a claim on which relief can be granted.  Therefore,  Plaintiff's Motion

(d/e 4) to proceed in forma pauperis is DENIED and Plaintiff's Complaint is DISMISSED without prejudice. Plaintiff's Motion for Joinder (d/e 5) is DENIED AS MOOT. Plaintiff's requests for hearings on the motions (d/e 2) (d/e 5) are also DENIED.

ENTER: June 29, 2016

FOR THE COURT:

s/Sue E. Myerscough<br>SUE E. MYERSCOUGH<br>UNITED STATES DISTRICT JUDGE